IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICKY L. BROWN,

    Petitioner,

v.                                        CASE NO. 1:15-cv-168-MP-GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing ECF No. 1, a petition for a writ of habeas corpus. On October 15, 2015, the Court issued an Order to Show Cause as to why the Petition should not be dismissed as untimely under the one year limitations period set by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (ECF No. 7.) Petitioner filed a response to the Order to Show Cause on November 16, 2015. For the following reasons, the undersigned recommends that the Petition be dismissed as untimely.

In the Petition, Petitioner challenges his 2001 Alachua County conviction for sexual battery, for which he received a sentence of twenty-five years imprisonment. His conviction and sentence were affirmed on March 24, 2003. Petitioner's further challenges to his conviction are described by him as follows. Petitioner filed a Rule 3.850 motion for postconviction relief and a request for DNA testing on August 19, 2003. The motion was denied on April 26, 2004. He filed a second motion for DNA testing on May 10, 2004, which was denied on December 13, 2004. Petitioner filed a motion to correct illegal sentence on April 28, 2006, which was denied on July 11, 2006.

Petitioner claims that he appealed the denial of all three motions. He further represents that he filed a second motion to correct illegal sentence in 2011, a habeas corpus petition in 2011, a habeas corpus petition in 2012, and an all writs petition in 2013.

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is tolled during the pendency of properly-filed state postconviction proceedings. *Id*. § 2244(d)(2).

Petitioner concedes in his Petition that the Petition was filed untimely, well outside of the one-year statute of limitations. Petitioner contends, however, that because he was "actually innocent," he should be exempt from the one-year limitations period.

Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim was not considered. *Bailey v. Nagle*, 172 F.3d 1299, 1302-06 (11th Cir. 1999). A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction

of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).

A Petitioner's actual innocence may serve as a gateway to consideration of constitutional claims procedurally defaulted in state court, such as failure to exhaust state remedies. *Rozzelle v Sec'y, Dep't of Corr.*, 672 F. 3d 1000 (11th Cir. 2012). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggen v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995.)

In the Order to Show Cause, ECF no. 7, the Court pointed out that although Petitioner alleged actual innocence, he failed to present the requisite "new evidence" that supports his claim of innocence. Instead, Petitioner argued that there was trial court error because the jury convicted Petitioner of an offense that was different from the offense charged in the information. The Court advised Petitioner that under prevailing Eleventh Circuit law, the actual innocence exception requires factual innocence, not mere legal insufficiency of a conviction. *McKay v. U.S.*, 657 F.3d 1190, 1197 (11th Cir. 2011). Under this standard, Petitioner's contention that he was charged with sexual battery by threat of force or violence but convicted of sexual battery with use of force is an argument that goes to the legal sufficiency of his conviction, not whether or not he committed the crime. Thus, this argument does not permit Petitioner

to avail himself of the "actual innocence" exception to the one year limitations period.

The Court permitted Petitioner to respond to the order to show either cause and prejudice for his default or to present new evidence in support of his claim of actual innocence. Petitioner responded to the Court's Order on November 16, 2015. In his response, Petitioner states that he will demonstrate cause and prejudice for his default. He further argues that his counsel at trial failed to present the argument that he was convicted for a crime not charged in the information. Petitioner asserts that he only discovered this claim many years after the one year limitations period provided by AEDPA because he is unskilled in the law.

Petitioner's response, however, merely restates Petitioner's argument for bypassing the one year limitations period originally set forth in his Petition. Furthermore, Petitioner's justification for the untimeliness of the Petition that he is *pro se* and "unskilled" in the law is not sufficient to establish cause and prejudice for the default. *See Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990)(petitioner could not establish cause for the default by asserting his *pro se* status). The factual and legal basis for a challenge to his conviction under Rule 3.850 was available to Petitioner at the time of his conviction. Simply asserting that his *pro se* status prevented him from discovering the claim in a timely manner does not establish cause and prejudice for the default. Accordingly, because Petitioner has failed to demonstrate cause and prejudice for his default, the Petition is due to be dismissed as untimely.

Accordingly, it is respectfully **RECOMMENDED** that Petitioner's petition for writ

of habeas corpus, ECF No. 1, should be **DISMISSED** as untimely.

      **IN CHAMBERS** at Gainesville, Florida, this 23rd day of November 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

      **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.